UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

BRANDI GRAY,                                                             Plaintiff,

v.                                              Civil Action No. 3:19-cv-686-DJH-LLK

CHARTER COMMUNICATIONS, LLC,                       Defendant.

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Plaintiff Brandi Gray brought this action alleging disability discrimination, retaliation, and a violation of the Family and Medical Leave Act. (Docket No. 1-1) Gray amended her complaint and now asserts only an individual FMLA-interference claim and a potential collective action. (D.N. 23) Defendant Charter Communications, LLC moves to dismiss Gray's purported collective-action claim, moves for summary judgment on Gray's individual FMLA-interference claim, and moves for sanctions against Gray and her counsel. (D.N. 25; D.N. 27; D.N. 33) For the reasons set forth below, the Court will grant Charter's motion for summary judgment and deny its motion for sanctions.

**I.**

In June 2019, Plaintiff Brandi Gray notified her employer, Defendant Charter Communications, that she needed to take intermittent FMLA leave for recurring issues with seizures. (D.N. 33, PageID # 454) Charter's FMLA program is administered by Sedgwick, a third party. (*Id.*) One of the documents that Gray submitted to Sedgwick in conjunction with her request for FMLA leave was a "Return to Work" form. (*Id.*, PageID # 455) On that form, Gray's doctor stated that Gray "must avoid any situation in which a loss of consciousness could cause harm to self or others, such as swimming without supervision, working at heights, working with heavy

1

machinery, working around flame, or driving a motor vehicle." (*Id.*) After Gray provided the remaining forms to support her request, Sedgwick granted her request for intermittent FMLA leave, and Gray took this leave multiple times in June 2019. (*Id.*)

On June 24, 2019, Gray sent an email to her colleagues requesting that they call her family and not emergency medical services in the event that someone observed her having a seizure at work.[1] (*Id.*, PageID # 455–56) Not calling EMS when an employee experienced a serious medical issue was a departure from Charter's general practices, and Gray's email raised safety concerns about her ability to work safely as described by her doctor on the "Return to Work" form. (*Id.*, PageID # 456) Charter claims that, as a result of these concerns, it decided to request additional medical information from Gray. (*Id.*, PageID # 456–57) Specifically, on July 1, 2019, a human resources generalist at Charter requested that Gray execute a "Consent to Discuss Medical Information" form so that her doctor could provide more information to Charter and asked Gray to have her doctor fill out a medical questionnaire and confirm that she could work safely under the conditions described in her email. (*Id.*, PageID # 457; *see* D.N. 23-2, PageID # 119) Charter placed Gray on two-week paid administrative leave so that Gray could obtain the additional medical information. (D.N. 33, PageID # 457)

On July 12, 2019, Gray attempted to return to work, but she had not submitted the additional medical information. (*Id.*, PageID # 458) Charter informed Gray that she could not return to work until she provided the additional medical information and placed her on unpaid administrative leave. (*Id.*) While Gray was on unpaid leave, she was still an employee and continued to receive various employee benefits through January 2020. (*Id.*) Charter ceased

---

[1] Gray does not dispute the content of this email but asserts that Charter "fails to mention that Gray's supervisor directed the sending of the email." (D.N. 34, PageID # 595)

2

holding Gray's position open and sent her a letter on January 22, 2020, confirming that she had abandoned her position. (D.N. 33-1, PageID # 491)

Gray filed her initial complaint in Kentucky state court, and Charter removed the case to federal court. (D.N. 1; D.N. 1-1) Gray subsequently retained new counsel who investigated her claims and filed an amended complaint that asserts only an FMLA-interference claim. (D.N. 31, PageID # 424–25) In Gray's amended complaint, she argues that Charter's request for additional medical information on July 1, 2019, violates the FMLA. (D.N. 23, PageID # 111) Gray also alleges that Charter had a policy or practice of requiring employees to provide additional medical information in violation of the FMLA. (*Id.*, PageID # 111–13) Gray included this collective-action language "in order to permit the possibility of moving for facilitation of notice." (D.N. 31, PageID # 425)

## II.

Summary judgment is required when the moving party shows, using evidence in the record, "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). For purposes of summary judgment, the Court must view the evidence in the light most favorable to the nonmoving party. *Loyd v. Saint Joseph Mercy Oakland*, 766 F.3d 580, 588 (6th Cir. 2014) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). However, the Court "need consider only the cited materials." Fed. R. Civ. P. 56(c)(3); *see Shreve v. Franklin Cnty., Ohio*, 743 F.3d 126, 136 (6th Cir. 2014). If the nonmoving party "fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c)," the fact may be treated as undisputed. Fed. R. Civ. P. 56(e)(2)–(3). To survive a motion for summary judgment, the nonmoving party must establish a genuine issue of material fact with respect to each element of each of its claims. *Celotex Corp. v.*

*Catrett*, 477 U.S. 317, 322–23 (1986) (noting that "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial").

**A.     FMLA-Interference Claim**

The parties agree that the only disputed element of Gray's claim is whether Charter interfered with Gray's FMLA rights.  (D.N. 33, PageID # 462; D.N. 34, PageID # 595)  In her amended complaint, Gray alleges that Charter interfered with her FMLA rights by "requesting additional information from [Gray] in violation of 29 C.F.R. § 825.307(a)."  (D.N. 23, PageID # 111)  Gray further states that she suffered injury as a result of Charter's "policy or practice of demanding [Gray] provide additional information from [her] healthcare providers in violation of the FMLA."  (*Id.*, PageID # 114)  In her response to the motion to dismiss, Gray confirms that her complaint alleges that Charter violated the FMLA by "unlawfully demanding medical records in violation of 29 C.F.R. § 825.307(a)."  (D.N. 29, PageID # 202)

In response to the motion for summary judgment,[2] Gray now argues, for the first time, that Charter interfered with her FMLA right to be restored to her position following FMLA leave under 29 U.S.C. § 2614(a).  (D.N. 34, PageID # 595–96)  But a party may not raise new legal theories "in response to summary judgment." *Bridgeport Music, Inc. v. WB Music Corp.*, 508 F.3d 394, 400 (6th Cir. 2007) (citing *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir. 2006)). When "the plaintiff raises the new claims for the first time in the summary-judgment briefing, it generally 'subjects a defendant to unfair surprise, because the defendant has no opportunity to investigate the claim during discovery.'" *Davis v. Echo Valley Condo. Ass'n*, 945 F.3d 483, 496

---

[2] Charter argues that the Court should disregard Gray's response because it was untimely.  (D.N. 35, PageID # 605–06)  While the day following Thanksgiving (Nov. 27) is not a legal holiday, the Court was closed on that day, and the Court will therefore consider Gray's response filed on the following Monday (Nov. 30).  Charter is not prejudiced by the Court's consideration of the filing.

4

(6th Cir. 2019) (quoting *M.D. ex rel. Deweese v. Bowling Green Indep. Sch. Dist.*, 709 F. App'x 775, 778 (6th Cir. 2017)). "Parties who seek to raise new claims at the summary-judgment stage must first move to amend their pleadings under Federal Rule of Civil Procedure 15(a) before asserting the claims in summary-judgment briefing." *Id.* (citations omitted). The Court therefore will not consider Gray's restoration claim. *Davis*, 945 F.3d at 496.

In addition, Gray never mentions her claim that Charter violated 29 C.F.R § 825.307(a) in her response to the motion for summary judgment, and Gray thus waives this claim. *Brown v. VHS of Mich., Inc.*, 545 F. App'x 368, 372 (6th Cir. 2013) (citing *Hicks v. Concorde Career Coll.*, 449 F. App'x 484, 487 (6th Cir. 2011)) ("[The Sixth Circuit's] jurisprudence on abandonment of claims is clear: a plaintiff is deemed to have abandoned a claim when a plaintiff fails to address it in response to a motion for summary judgment."); *see also Degolia v. Kenton Cnty.*, 381 F. Supp. 3d 740, 759–60 (E.D. Ky. 2019) (quoting *Rouse v. Caruso*, No. 6-cv-10961-DT, 2011 WL 918327, at *18 (E.D. Mich. Feb. 18, 2011)) ("[I]t is well understood . . . that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded."). Because Gray has not established that Charter interfered with any of her FMLA rights, her FMLA-interference claim fails as a matter of law. *Dyer v. Ventra Sandusky, LLC*, 934 F.3d 472, 475 (6th Cir. 2019).

Charter also moves to dismiss Gray's purported collective-action claim, arguing that the FMLA does not contain statutory language that would authorize Gray to file a collective action. (D.N. 25-1, PageID # 134–35) The Court need not address this question of statutory interpretation because Gray has no remaining individual claim that could serve as a basis for a class-action or collective-action claim. *White v. Baptist Mem'l Health Care Corp.*, 699 F.3d 869, 878 (6th Cir.

2012) (quoting *In re Fam. Dollar FLSA Litig.*, 637 F.3d 508, 519 (4th Cir. 2011)) ("[W]ithout a viable claim, [a plaintiff] cannot represent others whom she alleged were similarly situated.").

**B.     Motion for Sanctions**

Charter moves for Rule 11 sanctions, asserting that Gray's counsel failed to conduct a reasonable investigation concerning the "policy or practice" allegations. (D.N. 27-1, PageID # 156)  Rule 11 states, in relevant part, that by presenting a pleading to a court, an attorney "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3).  "The conduct of counsel who are the subject of a sanction request is measured by an objective standard of reasonableness under the circumstances." *Merritt v. Int'l Ass'n of Machinists & Aerospace Workers*, 613 F.3d 609, 626 (6th Cir. 2010) (citing *INVST Fin. Grp., Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 401 (6th Cir. 1987)).  The Court considers "what was reasonable to believe at the time the pleading, motion, or other paper was submitted." *Id.* (citing *INVST*, 815 F.2d at 401).

Gray's current counsel reviewed the initial complaint and concluded that the two state-law claims should be abandoned, and that the general FMLA claim should be amended to specifically assert an FMLA-interference claim. (D.N. 31-1, PageID # 434–35)  The amended complaint also alleges that Charter has a policy or practice of interfering with FMLA rights by requiring employees to provide additional medical information. (D.N. 23, PageID # 112)  Charter asserts that the "policy or practice" allegations are patently false because it is undisputed that Gray had previously been granted FMLA leave without being asked to fill out forms providing additional medical information. (D.N. 27-1, PageID # 150)  The fact that Charter did not request additional

medical information for Gray's previous FMLA leave, however, does not mean that Charter couldn't have changed its policy in the interim, especially considering the fact that Charter's human resources generalist sent Gray what appeared to be a standardized form. (*See* D.N. 23-2, PageID # 119) Despite Charter's contention that this was a unique request based on Gray's email about her condition, the form sent to Gray indicates that it was last revised on March 2019 (*Id.*), which suggests that the form was crafted before Gray's email and could have been sent by Charter to other employees. In any event, the Court finds that sanctions are not appropriate in this case because Gray's counsel did not act objectively unreasonably by asserting that the "practice and policy" allegations in the complaint "will likely have evidentiary support after a reasonable opportunity for further investigation or discovery."[3] Fed. R. Civ. P. 11(b)(3); *Merritt*, 613 F.3d at 626.

---

[3] The Court notes that had Gray's counsel refused to amend the complaint and remove the "policy or practice" allegations after failing to uncover any similarly-situated plaintiffs, Rule 11 sanctions may have been appropriate. But here Charter filed a motion to dismiss fifteen days after the filing of the amended complaint (*see* D.N. 23; D.N. 25), and the parties were only permitted to conduct discovery on Gray's individual claim until the Court ruled on the motion to dismiss the collective-action claim. (D.N. 20, PageID # 98–99) At this early stage of litigating the collective-action claim, the Court cannot conclude that the Gray's counsel acted objectively unreasonably by including the "policy or practice" allegations in the amended complaint. *See Merritt*, 613 F.3d at 626.

## III.

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1)　The defendant's motion for summary judgment (D.N. 33) is **GRANTED**.

(2)　The defendant's motion to dismiss for failure to state a claim (D.N. 25) is **DENIED** as moot.

(3)　The defendant's motion for sanctions (D.N. 27) is **DENIED**.

(4)　A separate judgment will be entered this date.

March 29, 2021

David J. Hale, Judge
United States District Court